1    **WO**

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9

10   HPSC, Inc., a Massachusetts corporation,)      No. CV-08-0084-PHX-DGC
                                          )
11          Plaintiff,                    )      **ORDER AND DEFAULT JUDGMENT**
                                          )
12   vs.                                  )
                                          )
13   Ryan J. Porter and Melissa Porter,   )
     husband and wife; and Extreme Smiles )
14   L.L.C., an Arizona limited liability  )
     company,                             )
15                                        )
            Defendants.                   )
16   _____  )

17

18         Plaintiff HPSC, Inc., has filed a motion for default judgment against Defendant

19   Extreme Smiles L.L.C. pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

20   Dkt. #9.  No response has been filed.  The Court will grant the motion in part and deny it in

21   part.

22   **I.     Background.**

23         Plaintiff commenced this action on January 15, 2008, by filing a complaint against

24   Ryan and Melissa Porter and Extreme Smiles L.L.C. Dkt. #1.  The complaint asserts breach

25   of contract claims based on Defendants' alleged failure to make payments as required by

26   certain finance agreements. *Id.* at 2-12.  Count three seeks a judgment against Defendant

27   Extreme Smiles in the amount of $484,711.60, plus interest, and an award of attorney's fees

28   and costs. *Id.* at 8-9.

1  Defendants were served with process on January 21, 2008.  Dkt. ##3-5.  Defendants

2  have not answered or otherwise responded to the complaint as required by the Federal Rules

3  of Civil Procedure.  The Clerk has entered Defendant Extreme Smiles' default pursuant to

4  Rule 55(a).  Dkt. #8.

5  **II.    Discussion.**

6  Plaintiff seeks a default judgment against Defendant Extreme Smiles with respect to

7  the breach of contract claim asserted in count three of the complaint.  Plaintiff seeks an award

8  of actual damages in the amount of $484,711.60, plus interest, and an award of attorney's

9  fees and costs totaling $1,772.24.  Dkt. #9.

10  Once a party's default has been entered, the district court has discretion to grant

11  default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d

12  1089, 1092 (9th Cir. 1980).  Factors the court may consider in deciding whether to grant

13  default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the

14  claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the

15  possibility of a dispute concerning material facts, (6) whether default was due to excusable

16  neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d

17  1470, 1471-72 (9th Cir. 1986).  In applying the *Eitel* factors, "the factual allegations of the

18  complaint, except those relating to the amount of damages, will be taken as true." *Geddes*

19  *v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

20  **A.    Possible Prejudice to Plaintiff.**

21  The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff

22  will be prejudiced if default judgment is not entered.  Plaintiff served process on Defendant

23  more than two months ago.  Dkt. #3.  Defendant has failed to respond to the complaint or

24  otherwise appear in this action.  If the Court were to deny Plaintiff's motion for default

25  judgment, Plaintiff would have no other recourse for recovery. *See Gemmel v. Systemhouse,*

26  *Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *3 (D. Ariz. Jan. 3, 2008).

27  **B.    The Merits of the Claim and the Sufficiency of the Complaint.**

28  The second and third *Eitel* factors favor a default judgment where the complaint

1   sufficiently states a claim for relief under the liberal pleading standards of Rule 8.  *See*

2   *Gemmel*, 2008 WL 65604 at \*3; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978).

3   The parties' finance agreement provides that Massachusetts law governs the agreement.

4   Dkt. #1-6. at 1.  To state a breach of contract claim under Massachusetts law, the complaint

5   must allege "a valid binding agreement, the defendant's breach thereof, and damages

6   resulting from the breach."  *Mass Cash Register, Inc. v. Comtrex Sys. Corp.*, 901 F. Supp.

7   404, 415 (D. Mass. 1995).

8          Count three of the complaint alleges that (1) Defendant executed and delivered the

9   agreement to Plaintiff, (2) pursuant to the terms of the agreement, Plaintiff financed

10  Defendant's acquisition of certain property in exchange for Defendant's promise to make

11  periodic payments over the term of the agreement, (3) Defendant received and continues to

12  possess the financed property, and (4) Defendant has refused to make payments due under

13  the agreement.  Dkt. #8 ¶¶ 23-25.  Given the Court's acceptance of these allegations as true,

14  *see Geddes*, 559 F.2d at 560, the Court finds that Plaintiff has sufficiently stated a valid

15  breach of contract claim against Defendant.  The second and third *Eitel* factors favor a

16  default judgment.

17         **C.      The Amount of Money at Stake.**

18         Under the fourth *Eitel* factor, default judgment is favored where the amount of the

19  judgment is reasonable in light of the defendant's wrongful conduct.  *See id.*  In this case,

20  Plaintiff financed Defendant's acquisition of more than $350,000 worth of property in

21  exchange for Defendant's promise to pay Plaintiff approximately $500,000 over a six-year

22  period. *See* Dkt. #1-6.  Plaintiff made some monthly payments, but has refused to make other

23  payments due under the agreement.  Dkt. #1 at ¶ 25.  Given the size of Plaintiff's loan and

24  Defendant's failure repay it pursuant to the terms of the agreement, the proposed judgment

25  amount of $484,711.60 seems reasonable.  As explained below, however, Plaintiff has failed

26  to present evidence establishing this amount.  This factor therefore weighs against a default

27  judgment. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL

28  1545173, at \*13 (N.D. Cal. May 29, 2007) ("[T]he sum of money sought by TG is

1 unreasonable, because it is unsupported by the evidence on record[.]"); *cf. Bd. of Trs. of Cal.*

2 *Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1

3 (N.D. Cal. Dec. 15, 1997) (granting default judgment where amount of money at stake was

4 "reasonable, *properly documented*, and contractually justified") (emphasis added).

5          **D.      Possible Dispute Concerning Material Facts.**

6          There is no genuine dispute as to liability given the sufficiency of count three and

7 Defendant's default. *See Geddes*, 559 F.2d at 560; *Gemmel*, 2008 WL 65604 at *5. Though

8 there is a possibility of a dispute concerning the amount of damages, Defendant has made no

9 attempt to challenge the complaint or the motion for default judgment. The Court concludes

10 that this factor weighs in favor of a default judgment.

11          **E.      Whether Default Was Due to Excusable Neglect.**

12          Defendant was properly served with the summons and complaint. Dkt. #3. Defendant

13 was also served with Plaintiff's application for entry of default. Dkt. ##6-7. It therefore is

14 "unlikely that Defendant's failure to answer and the resulting default was the result of

15 excusable neglect." *Gemmel*, 2008 WL 65604 at *5.

16          **F.      The Policy Favoring a Decision on the Merits.**

17          "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782

18 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing

19 alone, is not dispositive." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D.

20 Cal. 2002) (citation omitted). Defendant's failure to answer or otherwise respond to the

21 complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court

22 therefore is not precluded from entering default judgment against Defendant. *See id.*;

23 *Gemmel*, 2008 WL 65604 at *5.

24          **G.      Proof of Damages.**

25          Given the sufficiency of count three and Defendant's default, there is no genuine

26 dispute that Defendant is liable for breach of contract. *See Geddes*, 559 F.2d at 560;

27 *Danning*, 572 F.2d at 1388. Plaintiff, however, must still "'prove up' the amount of damages

28 it is claiming." *Truong Giang*, 2007 WL 1545173 at *13; *see PepsiCo*, 238 F. Supp. 2d at

1 1175 ("[T]he plaintiff is required to provide proof of all damages sought in the complaint.");

2 *see also* Fed. Rs. Civ. P. 8(d), 55(b).

3 Plaintiff seeks actual damages in the amount of $484,711.60.  Dkt. ##1, 10.  Plaintiff

4 has submitted an affidavit from its counsel stating that this amount "is due and owing" and

5 "all just and lawful setoffs, payments, and credits have been allowed."  Dkt. #9 ¶ 3.

6 But Plaintiff has presented no documents or other evidence in support of this statement.

7 The Court cannot, on the record before it, determine the amount Defendant owes Plaintiff.

8 *See Gemmel*, 2008 WL 65604 at *6.  Plaintiff shall submit evidence to the Court sufficient

9 to establish the amount of its damages by April 25, 2008.

10 **H.    Attorney's Fees and Costs.**

11 The affidavit of Plaintiff's counsel and the exhibits attached thereto show that Plaintiff

12 has incurred $1,224.00 in attorney's fees and $548.24 in costs.  Dkt. ##9, 9-2.  The Court

13 finds these amounts to be reasonable.

14 **III.    Conclusion.**

15 Having reviewed Plaintiff's motion and supporting affidavit, and having considered

16 the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is

17 appropriate as to Defendant Extreme Smiles' liability on the breach of contract claim asserted

18 in count three.  The Court further concludes that an award of attorney's fees and costs in the

19 amount of $1,772.24 is reasonable.  The Court will grant Plaintiff's motion with respect to

20 Extreme Smiles' liability and Plaintiff's attorney's fees and costs.  The Court will deny the

21 motion, without prejudice, with respect to Plaintiff's damages.

22 **IV.    The Remaining Defendants.**

23 Defendants Ryan and Melissa Porter were served with process on January 21, 2008,

24 *see* Dkt. ##4-5, but have not answered or otherwise responded to the complaint.  Plaintiff has

25 not sought the Porters' default or dismissed the claims against them.  Plaintiff shall file a

26 status report regarding the claims against the Porters by April 25, 2008.

27 **IT IS ORDERED:**

28 1.    Plaintiff's motion for default judgment (Dkt. #9) is **granted in part** and

1       **denied in part** as set forth in this order.

2       2.      Default judgment is entered in favor of Plaintiff and against Defendant

3               Extreme Smiles L.L.C. with respect to Defendant's liability for breach of

4               contract.

5       3.      Plaintiff is awarded attorneys' fees and costs in the amount of **$1,772.24**.

6       4.      By **April 25, 2008**, Plaintiff shall submit evidence sufficient to establish the

7               amount of its damages and shall file a status report regarding the claims

8               against Defendants Ryan and Melissa Porter.

9       5.      Plaintiff is advised that its failure to comply with this order may result in the

10              dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil

11              Procedure.

12      DATED this 4th day of April, 2008.

David G. Campbell
United States District Judge